UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ORLANDO JONES, | ) |
| Petitioner, | ) |
| v. | ) No. 4:12CV807 FRB |
| IAN WALLACE, | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

On July 18, 2012, the Court ordered petitioner to show cause why his petition for writ of habeas corpus should not be dismissed as time-barred. Petitioner has responded, but his response fails to demonstrate that the petition should not be dismissed. As a result, the Court will dismiss this action under Rule 4 of the Rules Governing Habeas Cases.

Petitioner pled guilty to domestic assault and unlawful use of a weapon. He was sentenced to eighteen years' imprisonment. Petitioner filed a motion for postconviction relief, which was denied. The Missouri Court of Appeals affirmed, and the court issued its judgment on December 28, 2010. Jones v. State, No. ED 94554, 328 S.W.3d 473 (Mo. Ct. App. 2010).

Petitioner filed the instant habeas petition on April 30, 2012, which is the date he placed it in the prison mail system.

Under 28 U.S.C. § 2244(d):

(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of–

(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

(C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

It is not clear from the face of the petition whether any part of the limitations period ran before petitioner appealed from the denial of his postconviction-relief motion. Regardless, the limitations period began running no later than when the time for filing a motion for rehearing by the Missouri Supreme Court expired. Gonzalez v. Thaler, 132 S. Ct. 641, 653-54 (2012). Such time expired on January 12, 2011, see Mo. Rule 83.02, and the limitations period, therefore, expired on January 12, 2012.

As is stated above, petitioner did not file the petition until April 30, 2012, and the petition is time barred unless petitioner can show that he is entitled to equitable tolling.

In his petition, petitioner claimed that he was never "informed [he] could file a petition for writ of habeas corpus" and that he was "asking for leniency by the court." In his response to the Court's Show Cause Order, petitioner states, "I make a request to Courts of United States District Judge to get [medical] records from SECC. This shall show cause why this action should not be dismissed." However, petitioner does not allege any facts showing that he was incapacitated by any illness during the limitations period and, therefore, unable to file a timely petition.

Under the doctrine of equitable tolling, the AEDPA's statutory limitations period may be tolled if a petitioner can show that (1) he has been diligently pursuing his rights and (2) an extraordinary circumstance stood in his way. Holland v. Florida, 130 S. Ct. 2549, 2562 (2010). Equitable tolling is a flexible procedure that involves both recognition of the role of precedent and an "awareness of the fact that specific circumstances, often hard to predict in advance, could warrant special treatment in an appropriate case." Id. at 2563.

The Eighth Circuit Court of Appeals has consistently held that "[p]ro se status, lack of legal knowledge or legal resources, confusion about or miscalculations of the limitations period, or the failure to recognize the legal ramifications of actions taken

in prior post-conviction proceedings are inadequate to warrant equitable tolling." Shoemate v. Norris, 390 F.3d 595, 598 (8th Cir. 2004) (quotation marks omitted); Kreutzer v. Bowersox, 231 F.3d 460, 463 (8th Cir. 2000) (holding that "even in the case of an unrepresented prisoner alleging a lack of legal knowledge or legal resources, equitable tolling has not been warranted"); Jihad, 267 F.3d at 805-07 (unsuccessful search for counsel could not warrant equitable tolling); Flanders v. Graves, 299 F.3d 974, 976-77 (8th Cir. 2002) (claim of actual innocence could not justify equitable tolling).

Petitioner's claim that he was not informed of his habeas corpus rights is not an extraordinary circumstance that would entitle him to equitable tolling. And petitioner's request for medical records from SECC does not state any facts showing that he was prevented from filing a timely petition or from diligently pursuing his rights. The Court is not entitled or required to create a legal theory or set of facts for petitioner that would show that he is entitled to equitable tolling of the limitations period. As a result, petitioner has failed to show that he is entitled to equitable tolling under Holland, and the Court is required to dismiss the petition.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion for leave to proceed in forma pauperis [Doc. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. § 2254 Rule 4.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

An Order of Dismissal will be filed with this Memorandum and Order.

Dated this 20th  day of August, 2012.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE